| STATE OF INDIANA | ) | IN THE ALLEN COUNTY SUPERIOR COURT |
| --- | --- | --- |
| | ) SS | |
| COUNTY OF ALLEN | ) | CAUSE NO.: _____ |

PARI GOODWIN,　　　　　　　)
　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
RENT -A- CENTER,　　　　　　)
　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　)

## COMPLAINT AND JURY DEMAND

Plaintiff, Pari Goodwin, by counsel, for her Complaint against the Defendant, C.L. Schust Co., Inc. alleges and states as follows:

1.  The Plaintiff, Pari Goodwin, is an adult female, an United States citizen, a resident of Fort Wayne, Allen County, Indiana and at all relevant times hereto and hereafter was an employee of Defendant, Rent-A-Center.

2.  The Defendant, Rent- A-Center (hereinafter "RAC") is a Delaware corporation doing business in the state of Indiana and does so at 703 Lincoln Highway West, New Haven, Indiana and employs 50 or more employees in each calendar and proceeding year and engages in interstate commerce and therefore is considered to be an "Employer" under the ADA.

3.  This lawsuit involves defendant's termination of plaintiff's employment which is in violation of the Americans with Disabilities Act and constitutes wrongful termination for asserting rights under the Indiana Workers Compensation Statute. Jurisdiction in this court is proper.

## COUNT I

    4.    On or about March 19, 2012, plaintiff filed a charge of discrimination against the defendant, and alleges;

    a.    Plaintiff is a qualified individual hired by defendant in February 2011;

    b.    Plaintiff was a Customer Account Representative for the defendant when she sustained two injuries in the summer of 2011 to her low back and hip arising out of and in the course of her employment, specifically on June 3, 2011 and July 27, 2011;

    c.    Plaintiff injured her back and hip on both occasions while delivering a washing machine to a customer;

    d.    Plaintiff received medical care and was placed on restrictions by her treating physician consisting of no sitting for a long time, no driving for long distances and no lifting more than 25 pounds;

    e.    Plaintiff submitted her doctor's restrictions to the defendant;

    f.    Plaintiff repeatedly attempted to communicate with the defendant in order to be placed in the showroom so that she would not have to deliver furniture and appliances;

    g.    No representative of the defendant ever returned her call;

    h.    Finally on January 30, 2012 the defendant sent a letter to plaintiff advising her that if she did not return back to work without restrictions by February 13, 2012 her position would be filled; and

    i.    Plaintiff contends she has been discriminated against because of her impairment and defendant failed to accommodate her disability in violation of the American with Disabilities Amendment Ac of 2008.

    5.    As a proximate result of plaintiff's condition, and being under doctor's care, plaintiff's federally protected rights under the ADA as amended in 2008 were violated when Defendant refused to communicate with her, failed to provide accommodations to her and terminated her employment.

6.   Plaintiff filed her charge of discrimination on March 19, 2012, attached and incorporated hereafter as Exhibit A and the EEOC issued a Notice of Rights to Sue on October 31, 2012, attached and incorporated hereafter as Exhibit B. This complaint is timely filed.

WHEREFORE,, the plaintiff seeks compensatory damages, punitive damages, and reasonable attorney's fees and all other relief just and proper.

## COUNT II

Plaintiff, Pari Goodwin, for her second claim for relief states:

7.   Plaintiff, Pari Goodwin, realleges rhetorical paragraphs 1 through 3, and paragraphs 4 through 6 of Count I of this Complaint for Damages as if fully set forth herein and by reference makes them a part of this Count II.

8.   The Defendant was Plaintiff's employer and had a duty to provide Plaintiff worker's compensation benefits for her work-related injury, and had the additional duty to refrain from terminating Plaintiff because she asserted her right to worker's compensation benefits under the Indiana Worker's Compensation Act.

9.   Plaintiff injured herself on or about June 3, 2011 and July 27, 2011, while working for Defendant, an injury which arose out of and in the scope of Plaintiff's employment with Defendant; Plaintiff received injuries to her low back and hip as a result of the work-related incidents. Plaintiff requested medical treatment for her injuries, thereby implicating her rights under the Indiana Worker's Compensation Act.

10.   Plaintiff clearly requested and articulated that the work-related incident be treated as a worker's compensation accident and requested all benefits available under the Indiana Worker's

Compensation Act. Defendant provided medical care to plaintiff and did treat her injuries as compensable.

11.     Defendant terminated plaintiff's employment on or about February 13, 2012 while her worker's compensation case was still pending.

12.     Plaintiff contends that Defendant's termination of her employment is in violation of the public policies and tort laws of the State of Indiana, that the termination was retaliatory and intended to harm Plaintiff for becoming injured and continuing to express her intent to collect worker's compensation benefits; the actions of Defendant was intentional and in reckless disregard of Plaintiff's rights to assert a worker's compensation claim and receive worker's compensation benefits without fear of being terminated.

13.     As a result of the retaliatory termination of the Plaintiff, Plaintiff has suffered the loss of her job and job-related benefits including income; additionally, Plaintiff has suffered and continues to suffer from physical pain, mental anguish, emotional distress, financial hardship, anxiety, frustration, and other damages and injuries caused by her wrongful/retaliatory termination.

WHEREFORE, Plaintiff prays for the judgment against the Defendant, for compensatory damages, pecuniary damages, punitive damages, prejudgment interest, reasonable costs of the action, and for all other just and proper relief .

Respectfully submitted,

_____
David M. Lutz, #14883-02
David M. Lutz LLC
4203 W. Jefferson Blvd.
Fort Wayne, IN 46804
Tele: (260) 432-3700
ATTORNEY FOR PLAINTIFF

## JURY DEMAND

The Plaintiff moves this Court for a trial by Jury in this cause pursuant to Indiana Trial Rule 38.

Respectfully submitted,

_____
David M. Lutz

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | EC-0078-A12<br>24D-2012-00177 |

**City of Fort Wayne Metro Human Relations Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Pari Goodwin | (260) 310-4783 | 02-11-1965 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6130 Maumee Avenue, Fort Wayne, IN 46803 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| RENT-A-CENTER | Unknown | (260) 749-7700 |

| Street Address | City, State and ZIP Code |
|---|---|
| 703 Lincoln Hwy W, New Haven, IN 46774 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-01-2011     Latest: 02-13-2012
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified individual with a disability. I worked at Rent-A-Center (New Haven) as a Customer Account Representative from February 2011 until February 13, 2012 when I was terminated. In July, 2011, I was injured on the job while delivering a washing machine to a customer. I was placed on permanent partial disability. Some of my restrictions included not being able to sit for a long time, not being able to drive long distance, and not being able to lift more than 25 pounds. I sent the doctor's slip to my supervisor and my supervisor's supervisor, Geri. From July 2011 until January 2012, I kept attempting to contact my supervisor about placing me in a position in the showroom so that I would not have to deliver furniture and appliances. No one ever returned my call. I received a letter on January 30, 2012 advising me that if I did not return to work without restrictions by February 13, 2012, my position would be filled.

Based on the above, I believe I have been discriminated against because of my impairment and Respondent has failed to accommodate my actual disability in violation of the Americans with Disabilities Amendment Act of 2008, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Mar 13, 2012
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EXHIBIT A

APP 13

EEOC Form 161 (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Pari Goodwin<br>6130 Maumee Avenue<br>Fort Wayne, IN 46803 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24D-2012-00177 | Michelle D. Ware,<br>Enforcement Supervisor | (317) 226-5161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Webster N. Smith,
District Director

OCT 3 1 2012
*(Date Mailed)*

Enclosures(s)

cc:   Andrew Trusevich
VP & Assistant General Counsel
RENT-A-CENTER
5501 Headquarters Dr.
Plano, TX 75024

**EXHIBIT B**

APP 14